IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| JACKIE N.,<br><br>                Plaintiff,<br><br>v.<br><br>KILOLO KIJAKAZI, Acting Commissioner of Social Security,<br><br>                Defendant. | MEMORANDUM DECISION AND ORDER<br><br><br><br>Case 2:21-CV-312-TS<br><br>District Judge Ted Stewart |

This matter is before the Court on Plaintiff Jackie N.'s appeal from the decision of the Social Security Administration denying her application for disability, disability insurance benefits, and supplemental security income. For the reasons discussed below, the Court affirms the Commissioner's decision.

I.  STANDARD OF REVIEW

This Court's review of the administrative law judge's ("ALJ") decision is limited to determining whether his findings are supported by substantial evidence and whether the correct legal standards were applied.[1] "Substantial evidence 'means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'"[2] The ALJ is required to consider all of the evidence, although they are not required to discuss all of the evidence.[3] If supported by substantial evidence, the Commissioner's findings are conclusive and must be

---

[1] *Rutledge v. Apfel*, 230 F.3d 1172, 1174 (10th Cir. 2000).

[2] *Clifton v. Chater*, 79 F.3d 1007, 1009 (10th Cir. 1996) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)).

[3] *Id.* at 1009–10.

affirmed.[4] The Court should evaluate the record as a whole, including the evidence before the ALJ that detracts from the weight of the ALJ's decision.[5] However, the reviewing court should not re-weigh the evidence or substitute its judgment for that of the Commissioner.[6]

## II.  BACKGROUND

A.   PROCEDURAL HISTORY

Plaintiff previously filed for disability, which was dismissed on March 15, 2013 for failure to appear.[7] That decision was affirmed by the Appeals Council on September 25, 2013.[8]

In January 2019, Plaintiff reapplied for disability, disability insurance benefits, and supplemental security income alleging disability beginning March 1, 1999.[9] Plaintiff's claim was denied initially and upon reconsideration.[10] Plaintiff then requested a hearing before an ALJ, which was held on October 6, 2020.[11] The ALJ issued a decision on October 20, 2020, finding that Plaintiff was not disabled.[12] The Appeals Council denied Plaintiff's request for review on April 6, 2021,[13] making the ALJ's decision the Commissioner's final decision for purposes of judicial review.[14]

---

[4] *Richardson*, 402 U.S. at 390.
[5] *Shepherd v. Apfel*, 184 F.3d 1196, 1199 (10th Cir. 1999).
[6] *Qualls v. Apfel*, 206 F.3d 1368, 1371 (10th Cir. 2000).
[7] R. at 52–53.
[8] *Id.* at 54–55.
[9] *Id.* at 190–204.
[10] *Id.* at 105–12, 115–20.
[11] *Id.* at 33–47.
[12] *Id.* at 12–27.
[13] *Id.* at 1–4.
[14] 20 C.F.R. § 422.210(a).

B.   MEDICAL HISTORY

Plaintiff alleges disability because of paranoia, anxiety, depression, bipolar disorder, schizophrenia, learning disability, and lower back pain.[15] Plaintiff's arguments on appeal are limited to the ALJ's evaluation of her literacy, therefore, discussion of her medical history will be limited to that issue.

In March 2019, Megan Kimberly, FNP, evaluated Plaintiff for her alleged disabilities and stated that Plaintiff was "pleasant, relaxed, [and] has good insight [and] judgment."[16] FNP Kimberly reported that Plaintiff was able to carry on a logical conversation, recall past events, discuss her daily routine, and remember appointments and medications.[17] According to FNP Kimberly, Plaintiff's conditions could improve with proper medication, management, and therapy.[18]

In September 2020, Plaintiff was evaluated by Deborah Young, Ed.D.[19] Dr. Young administered Plaintiff an informal reading and writing inventory and an academic achievement test. Dr. Young determined that Plaintiff had basic beginning knowledge as a reader and speller,[20] but noted that as a 52-year-old female, "[Plaintiff's] reading, writing, and math skills are significantly lower than the skills of other adults."[21] Specifically, Dr. Young reported that Plaintiff scored NRS 1 on her reading and language tests, which represent knowledge in the 0.0-

---

[15] R. at 190–204, 223.
[16] *Id.* at 1274.
[17] *Id.*
[18] *Id.* at 1276.
[19] *Id.* at 1788–89.
[20] *Id.* at 1788.
[21] *Id.* at 1789.

1.9 grade level range.[22] Plaintiff scored a NRS 2 on her math test which represents knowledge in the 2.0-3.9 grade level range, however, Dr. Young noted that had Plaintiff scored one point less, she would have been at the NRS 1, 0.0-1.9 grade level.[23]

C.     HEARING TESTIMONY

At the hearing before the ALJ, Plaintiff testified that she graduated from high school and that she was in special education for reading and writing from kindergarten to 12th grade.[24] She stated that she does not work because of her lower back pain as well as her issues with reading and writing.[25] She testified, "reading something in front of somebody is embarrassing because my reading and my spelling are really bad."[26]

D.     THE ALJ'S DECISION

The ALJ followed the five-step sequential evaluation process in deciding Plaintiff's claim. At step one, the ALJ determined that Plaintiff had not engaged in substantial gainful activity from her alleged onset date of March 1, 1999.[27] At step two, the ALJ found that Plaintiff suffered from the following severe impairments: obesity, coronary artery disease, chronic obstructive pulmonary disease ("COPD"), left knee medial collateral ligament sprain, possible meniscal injury, schizoaffective disorder, bipolar disorder, depression, anxiety, and a learning disability.[28] At step three, the ALJ found that Plaintiff did not have an impairment or

---

[22] *Id.*

[23] *Id.*

[24] *Id.* at 39.

[25] *Id.* at 42–43.

[26] *Id.* at 43.

[27] *Id.* at 18.

[28] *Id.* at 18–19.

combination of impairments that met or equaled a listed impairment.[29] The ALJ determined that Plaintiff had the residual functional capacity ("RFC") to perform light work, with certain restrictions.[30] At step four, the ALJ determined that Plaintiff has no past relevant work.[31] At step five, the ALJ found that there were jobs that exist in significant numbers in the national economy that Plaintiff could perform, and, therefore, she was not disabled.[32]

### III. DISCUSSION

Plaintiff argues that the ALJ erred in failing to find her disabled under the Medical Vocational Guidelines (the "grids") Rule 202.09. Grid Rule 202.09 would support a finding of disability for claimants who: are limited to light work; are approaching advanced age; are illiterate or unable to communicate in English; and have unskilled or no past work experience.[33] In cases where non-exertional limitations affect the range of work the claimant is capable of, the grids may only be used as a framework to determine whether sufficient jobs exist in the national economy.[34] Here, the ALJ found that Plaintiff could not perform all exertional demands of work and used the grids as a framework for the decision.[35] The ALJ stated that

> [b]ased on the testimony of the vocational expert, I conclude that, considering the claimant's age, education, work experience, and residual functional capacity, the

---

[29] *Id.* at 19–21.

[30] *Id.* at 21–25.

[31] *Id.* at 25.

[32] *Id.* 25–27.

[33] 20 C.F.R. pt. 404, Subpt. P., App. 2, R. 202.09 (1986).

[34] *See Gossett v. Bowen*, 862 F.2d 802, 806 (10th Cir. 1988); *see also Channel v. Heckler*, 747 F.2d 577, 581 (10th Cir. 1984) (quoting App. 2 § 200.00(e)(2)) ("[W]here an individual has an impairment or combination of impairments resulting in both strength limitations and nonexertional limitations . . . the rule(s) reflecting the individual's maximum residual strength capabilities, age, education, and work experience provide a framework for consideration of how much the individual's work capability is further diminished in terms of any types of jobs that would be contraindicated by the nonexertional limitations.").

[35] R. at 26.

claimant is capable of making a successful adjustment to other work that exists in significant numbers in the national economy.[36]

Plaintiff argues that the ALJ erred in finding that she had "at least a high school education"[37] and should have found her illiterate. A claimant's education level is determined by several factors including: formal schooling or other training, past work experience, daily activities, hobbies, or the results of testing.[38] The importance of educational background depends on how much time has passed between the completion of formal education and the beginning of the physical or mental impairment; what was done with the formal education in a work or other setting; and if other evidence contradicts educational abilities.[39] The regulations state that a person is considered illiterate if they "cannot read or write a simple message such as instructions" and "[g]enerally, an illiterate person has had little or no formal schooling,"[40] whereas an individual with a high school education and above has the abilities to do "semi-skilled through skilled work."[41] "High school education and above means abilities in reasoning, arithmetic, and language skills acquired through formal schooling at a 12th grade or above."[42]

Here, Plaintiff testified that she completed the 12th grade and attended special education classes for reading and writing from kindergarten through 12th grade.[43] The record also indicates that Plaintiff completed a function report where she wrote answers to several questions despite

---

[36] Id.

[37] Id. at 25.

[38] 20 C.F.R. § 404.1564(a).

[39] Id. § 404.1564(b).

[40] Id. § 404.1564(b)(1).

[41] Id. § 404.1564(b)(4).

[42] Id.

[43] R. at 39.

some misspellings.[44] Plaintiff stated that she could pay bills and count change but was unable to handle a savings account or use a checkbook.[45] She also stated that she could follow written instructions "pretty good."[46] Although the ALJ acknowledged that Dr. Young's evaluation "showed that [Plaintiff's] reading, writing, and math skills were significantly lower than the skills of other adults,"[47] he ultimately concluded that based on other records, Plaintiff had an adequate fund of knowledge, intact memory and recall, and normal judgment to find her not disabled. The ALJ also noted that Plaintiff was able to answer all questions and performed well at the hearing.

A careful review of the record reveals the ALJ's finding that Plaintiff had at least a high school education is supported by substantial evidence. That same evidence does not support Plaintiff's claim of illiteracy. Lastly, Plaintiff also argues that the ALJ failed to fully develop the administrative record. However, because the record was sufficient—including evidence that Plaintiff was completing forms and could read and write[48]—no additional development was required.[49]

---

[44] *See id.* at 234–41.

[45] *Id.* at 237.

[46] *Id.* at 239.

[47] *Id.* at 20.

[48] *Id.* at 222–30, 234–41.

[49] *See, e.g.*, *Davison v. Colvin*, 596 F. App'x 675, 679–80 (10th Cir. 2014) (affirming a decision where Plaintiff claimed illiteracy but there was conflicting evidence regarding his ability to fill out forms).

## IV.  CONCLUSION

It is therefore

ORDERED that the ALJ's decision is AFFIRMED.

DATED this 3rd day of May, 2022.

BY THE COURT:

_____
Ted Stewart
United States District Judge
